UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH ALSOP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UC DAVIS MEDICAL CENTER.,<br><br>　　　　　Defendant. | No. 2:19-cv-464-JAM-EFB PS<br><br><br>ORDER |

Plaintiff, proceeding pro se, filed a complaint and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] ECF Nos. 1 & 5. In her complaint, plaintiff requests she be appointed counsel. ECF No. 1 at 6. For the reasons explained below, plaintiff's application to proceed *in forma pauperis* is granted, her request for appointment of counsel is denied, and the complaint is dismissed with leave to amend.

I.　　Appointment of Counsel

28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988). In considering whether exceptional circumstances exist,

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1  the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of
2  the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.
3  *Terrell*, 935 F.2d at 1017.
4        The court cannot conclude that plaintiff's likelihood of success, the complexity of the
5  issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional
6  circumstances justifying the appointment of counsel at this time.  Accordingly, plaintiff's request
7  for appointment of counsel is denied.
8  II.      <u>Request to Proceed In Forma Pauperis and Screening Requirement</u>
9        Plaintiff's application to proceed *in forma pauperis* makes the financial showing required
10  by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma*
11  *pauperis* is granted, *see* 28 U.S.C. § 1915(a).
12        Determining that plaintiff may proceed *in forma pauperis* does not complete the required
13  inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the
14  allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on
15  which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed
16  below, plaintiff's complaint must be dismissed for failure to state a claim.
17        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
18  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
19  fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl.*
20  *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
21  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
22  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
23  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
24  relief above the speculative level on the assumption that all of the complaint's allegations are
25  true."  *Id*. at 555 (citations omitted).  Dismissal is appropriate based either on the lack of
26  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal
27  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
28  /////

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff brings this action against defendant UC Davis Medical Center.  Her complaint consists almost entirely of legal conclusions, with only a few factual allegations.  Plaintiff alleges that she had surgery on her leg at UC Davis Medical Center, and that she got an infection in her leg.  ECF No. 1 at 4.  She also alleges that a staff member instructed her to walk before her leg was fully healed, which might have caused the infection.  *Id*. at 6.  Plaintiff purports to assert claims for violation of her civil rights under 42 U.S.C. §§ 1983, 1997, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.  She also appears to assert a state law claim for medical malpractice.

It is apparent that plaintiff is attempting to state an Eighth Amendment claim under 42 U.S.C. § 1983.  *See* ECF No. 1 at (alleging "deliberate indifference by the doctors in this case.").  To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) she had a serious medical need and (2) the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

/////

/////

Additionally, to state an Eighth Amendment claim against a university medical center, such as defendant, plaintiff must allege that she was injured pursuant to a custom or policy. *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011).

Plaintiff's vague allegations do not demonstrate that any of her medical care providers acted with deliberate indifference. Nor do they establish that plaintiff was injured pursuant to defendant's policy or custom. Accordingly, she fails to state an Eighth Amendment claim.

Plaintiff also purports to allege a claim for violation of 42 U.S.C. § 1997, which concerns actions brought by individuals who are incarcerated or institutionalized. The complaint, however, does not allege plaintiff is incarcerated. Likewise, the complaint is devoid of any allegations that could support a claim under the Americans with Disabilities Act ("ADA"). Plaintiff does not allege that she is disabled within the meaning of the ADA, nor does she allege that the deficient medical treatment she allegedly received had any connection to a disability. *See* 42 U.S.C. § 12102(1) (The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment.).

Lastly, plaintiff appears to allege a state law claim for medical malpractice. But plaintiff has yet to properly-plead a federal cause of action which precludes supplemental jurisdiction over her state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). She also fails to establish diversity of citizenship that could support diversity jurisdiction over a state law claim. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000). Instead, the complaint indicates that plaintiff is a resident of California, suggesting his citizenship is the same as defendant's. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of

/////

diversity of citizenship, political subdivisions are citizens of their respective States."). It therefore appears diversity of citizenship is lacking.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

/////

III. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's motion for appointment of counsel is denied.

3. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: July 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE